Ian S. Landsberg, Esq. (SBN 137431)
Casey Z. Donoyan, Esq. (SBN 224945)
**ECOFF LANDSBERG, LLP**
Limited Liability Partnership
Including Professional Corporations
280 South Beverly Drive, Suite 504
Beverly Hills, California 90212
Telephone: (310) 887-1850
Facsimile: (310) 887-1855
Email: ian@ecofflandsberg.com

Attorneys for Crystal Waterfalls LLC

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>CRYSTAL WATERFALLS LLC<br><br>Debtor. | Case No. 2:15-bk-27769-ER<br><br>Chapter 11<br><br>**DECLARATION OF CASEY Z. DONOYAN IN SUPPORT OF DEBTOR'S EMERGENCY "FIRST DAY" MOTION OF DEBTOR AND DEBTOR IN POSSESSION FOR INTERIM AND FINAL ORDERS AUTHORIZING USE OF CASH COLLATERAL**<br><br>Date: November 25, 2015<br>Time: 3:00 p.m.<br>Place: Ctrm "1568"<br>255 E Temple Street<br>Los Angeles, CA 90012 |

//
//
//

## **DECLARATION OF CASEY Z. DONOYAN**

I, Casey Z. Donoyan, hereby declare and state as follows:

1. I am an associate at Ecoff Landsberg, LLP ("ELLLP"), proposed attorneys for Debtor and Debtor-in-possession, Crystal Waterfalls, LLC ("Debtor") in the above-captioned bankruptcy case. I am duly licensed to practice law in the State of California and before the United States Bankruptcy Court for the Central District of California.

2. The facts set forth herein are based upon my personal knowledge, and, if called as a witness, I could and would testify competently thereto.

3. As set forth in the concurrently filed Omnibus Declaration of Lucy Gao, title to real property in Covina, California (the "Real Property"), on which it currently operates a hotel known as the Park Inn by Radisson (the "Hotel"), was transferred from the Debtor to Washe, LLC ("Washe") in or around September 2014 without the Debtor's authority, consent or knowledge.

4. Although the Debtor retained an equitable interest in the Real Property given that the transfer of title to Washe was and is void, the beneficiary under the deed of trust securing repayment of a loan to the Debtor refused to instruct the foreclosure trustee to halt the sale upon being provided notice of the instant case.

5. I also called the foreclosure trustee, who advised me that the beneficiary had not provided him instructions to postpone the sale.

6. On November 20, 2015, the morning after the Debtor filed the instant bankruptcy case, I spoke on the telephone with Benny Ko aka Benny Kirk ("Kirk"), who advised me that he was the managing member of Washe and that Washe needed to file for bankruptcy to prevent a trustee's sale scheduled on November 20, 2015 from proceeding.

7. As an accommodation to Washe and to prevent the trustee's sale from occurring, which would have resulted in the Debtor potentially losing the Real Property and Hotel, our office, who does not represent Washe, filed Washe's emergency petition, *pro per*, and advised Kirk that Washe immediately needed to obtain bankruptcy counsel.

2

8. As a result of filing Washe's chapter 11 via ELLLP's ECF login, the docket reflects that ELLLP is also counsel for Washe, despite the fact that ELLLP never has and currently does not represent Washe in any capacity, in any legal proceeding or otherwise.

9. The bankruptcy of Washe was filed by ELLLP since the filing and preservation of the Real Property and Hotel was in the best interests of both Debtor and Washe and required in light of the foreclosure trustee proceeding with the scheduled foreclosure.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 24th day of November 2015, at Beverly Hills, California.

By: _____
Casey Z. Donoyan

3