| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>DYKEMA GOSSETT LLP<br>Gregory K. Jones (SBN 181072)<br>gjones@dykema.com<br>333 South Grand Avenue<br>Suite 2100<br>Los Angeles, California 90071<br>Telephone: (213) 457-1800<br>Facsimile: (213) 457-1850<br><br>☐ *Movant(s) appearing without an attorney*<br>☒ *Attorney for Movant(s)* | FOR COURT USE ONLY |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA -** LOS ANGELES DIVISION ||
| In re:<br><br>Crystal Waterfalls LLC,<br><br>and related adversary proceeding<br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:15-bk-27769<br>CHAPTER: 11<br><br>**DECLARATION THAT NO PARTY REQUESTED A HEARING ON MOTION**<br>**LBR 9013-1(o)(3)**<br><br>[No Hearing Required] |

1. I am the ☒ Movant(s) or ☐ attorney for Movant(s) or ☐ employed by attorney for Movant(s).

2. On (*date*): 09/14/2017   Movant(s) filed a motion or application (Motion) entitled: Motion to Withdraw as Counsel to Tsai Luan Ho

3. A copy of the Motion and notice of motion is attached to this declaration.

4. On (*date*): 09/14/2017   Movant(s), served a copy of ☐ the notice of motion or ☒ the Motion and notice of motion on required parties using the method(s) identified on the Proof of Service of the notice of motion.

5. Pursuant to LBR 9013-1(o), the notice of motion provides that the deadline to file and serve a written response and request for a hearing is 14 days after the date of service of the notice of motion, plus 3 additional days if served by mail, or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

6. More than 18  days have passed after Movant(s) served the notice of motion.

7. I checked the docket for this bankruptcy case and/or adversary proceeding, and no response and request for hearing was timely filed.

8. No response and request for hearing was timely served on Movant(s) via Notice of Electronic Filing, or at the street address, email address, or facsimile number specified in the notice of motion.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016* | Page 1 | **F 9013-1.2.NO.REQUEST.HEARING.DEC**

9. Based on the foregoing, and pursuant to LBR 9013-1(o), a hearing is not required.

Movant(s) requests that the court grant the motion and enter an order without a hearing.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


Date: 10/03/2017    /s/ Gregory K. Jones_____
Signature

Gregory K. Jones_____
Printed name

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*    Page 2    **F 9013-1.2.NO.REQUEST.HEARING.DEC**

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>DYKEMA GOSSETT LLP<br>Michael P. Wippler (SBN 155646)<br>mwippler@dykema.com<br>Gregory K. Jones (SBN 181072)<br>gjones@dykema.com<br>333 South Grand Avenue, Suite 2100<br>Los Angeles, CA 90071<br>Telephone: (213) 457-1800<br>Facsimile: (213) 457-1850<br><br>☐ *Debtor(s) appearing without an attorney*<br>☒ *Attorney for:* Shelby Ho, a/k/a Tsai Luan Ho | FOR COURT USE ONLY |
|---|---|

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -** LOS ANGELES DIVISION

| In re:<br>Crystal Waterfalls LLC<br><br>and related adversary proceeding<br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:15-bk-27769<br>CHAPTER: 11 |
|---|---|
| | **NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION**<br><br>**[LBR 9013-1(o)]**<br><br>[No hearing unless requested in writing] |

**TO THE U.S. TRUSTEE AND ALL PARTIES ENTITLED TO NOTICE, PLEASE TAKE NOTICE THAT:**

1. Movant(s) Dykema Gossett LLP ,
   filed a motion or application (Motion) entitled Motion to Withdraw as Counsel to Tsai Luan Ho
   _____.

2. Movant(s) is requesting that the court grant the Motion without a hearing as provided for in LBR 9013-1(o), unless a party in interest timely files and serves a written opposition to the Motion and requests a hearing.

3. The Motion is based upon the legal and factual grounds set forth in the Motion.  (*Check appropriate box below*):

   ☒ The full Motion is attached to this notice; or

   ☐ The full Motion was filed with the court as docket entry # _____, and a detailed description of the relief sought is attached to this notice.

4. **DEADLINE FOR FILING AND SERVING OPPOSITION PAPERS AND REQUEST FOR A HEARING:** Pursuant to LBR 9013-1(o), any party who opposes the Motion may request a hearing on the Motion.  The deadline to file and serve a written opposition and request for a hearing is 14 days after the date of service of this notice, plus 3 additional days if you were served by mail or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                    Page 1                    **F 9013-1.2.OPPORTUNITY.HEARING.NOTICE**

a. If you timely file and serve a written opposition and request for a hearing, movant will file and serve a notice of hearing at least 14 days in advance of the hearing. [LBR 9013-1(o)(4)]

b. If you fail to comply with this deadline:

(1) Movant will file a declaration to indicate: (1) the Motion was properly served, (2) the response period elapsed, and (3) no party filed and served a written opposition and request for a hearing within 14 days after the date of service of the notice [LBR 9013-1(o)(3)];

(2) Movant will lodge an order that the court may use to grant the Motion; and

(3) The court may treat your failure as a waiver of your right to oppose the Motion and may grant the Motion without further hearing and notice. [LBR 9013-1(h)]

Respectfully submitted,

Date: 09/13/2017

/s/ Gregory K. Jones  
Signature of Movant or attorney for Movant

Gregory K. Jones  
Printed name of Movant or attorney for Movant

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*    Page 2    **F 9013-1.2.OPPORTUNITY.HEARING.NOTICE**

**DYKEMA GOSSETT LLP**
Michael P. Wippler (SBN 155646)
*mwippler@dykema.com*
Gregory K. Jones (SBN: 181072)
*gjones@dykema.com*
333 South Grand Avenue
Suite 2100
Los Angeles, CA 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

Attorneys for Defendant
SHELBY HO aka TSAI LUAN HO
aka SHELBY TSAI HO, an individual

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No. 2:15-bk-27769-ER |
| CRYSTAL WATERFALLS LLC, | Chapter 11 |
| Debtor and Debtor in Possession. | |
| CRYSTAL WATERFALLS LLC, a California limited liability company, | Adv. No.: 2:15-ap-01671-ER |
| Plaintiff. | |
| vs. | **MOTION TO WITHDRAW AS COUNSEL TO TSAI LUAN HO; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MICHAEL P. WIPPLER IN SUPPORT THEREOF** |
| HCL 2011, LLC, a California limited liability company; and Does 1 through 10, inclusive, | |
| Defendants. | |
| HCL 2011, LLC, a California limited liability company, | |
| Plaintiff. | [No Hearing Unless Requested in Writing – Local Bankruptcy Rule 9013-1(o)] |
| vs. | |
| CRYSTAL WATERFALLS LLC, a California limited liability company; LUCY GAO aka XIONG XIN GAO, an individual; BENJAMIN KIRK aka TZU PING KO aka BENNY JAMES KIRK, an individual; SHELBY HO aka TSAI-LUAN HO aka SHELBY TSAI HO, an individual; and ROES 1 through 20, inclusive. | |
| Counter-Defendants. | |

1

**MOTION TO WITHDRAW AS COUNSEL TO TSAI LUAN HO; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MICHAEL P. WIPPLER IN SUPPORT THEREOF**

CRYSTAL WATERFALLS LLC, a California limited liability company,

    Counter-Complainant.

BENJAMIN KIRK aka BENNY KIRK, an individual; TSAI-LUAN HO aka SHELBY HO, an individual; and ROES 21 through 40, inclusive,

    Counter-Defendants.

**TO THE HONORABLE ERNEST M. ROBLES, UNITED STATES BANKRUPTCY JUDGE, THE PARTIES, AND COUNSEL OF RECORD**:

    Dykema Gossett, LLP ("Dykema") hereby files this motion (the "Motion") to withdraw as counsel to defendant Tsai Luan Ho (the "Client") in the above captioned bankruptcy case (Case No. 2:15-bk-27769-ER) (the "Bankruptcy Case") and above-captioned adversary proceeding (Adv. Pro. No. 2:15-ap-01671-ER) (the "Adversary Proceeding"), both of which are pending before this Court.

    The need for relief is a breakdown in the attorney-client relationship for reasons covered by the attorney-client privilege and the Client's failure to pay attorneys' fees owed to Dykema.

    This Motion is based upon the following Memorandum of Points and Authorities and the Declaration of Michael P. Wippler attached hereto. This Motion is brought on the grounds that there has been an irreconcilable breakdown of the attorney-client relationship between the Client and Dykema and the Client has breached her retainer agreement with Dykema.

    WHEREFORE, Dykema respectfully requests that this Court enter an order (i) granting the Motion and (ii) providing such other and further relief that the Court deems necessary and appropriate.

Dated: September 13, 2017      DYKEMA GOSSETT LLP

By: /s/ *Gregory K. Jones*
Gregory K. Jones
Attorneys for Defendant
SHELBY HO aka TSAI LUAN HO aka
SHELBY TSAI HO, an individual

2

**MOTION TO WITHDRAW AS COUNSEL TO TSAI LUAN HO; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MICHAEL P. WIPPLER IN SUPPORT THEREOF**

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. FACTUAL BACKGROUND

### A. Procedural History

On November 19, 2015, Crystal Waterfalls LLC (the "Debtor" or "Crystal") commenced a chapter 11 case by filing a voluntary petition for relief. Less than a month later, the Debtor filed a complaint against HCL 2011, LLC ("HCL") for (i) Cancellation of Written Instrument, (ii) Quiet Title, and (iii) Declaratory Relief. Adversary Docket No. 1. In January 2016, the Debtor filed an amended complaint against HCL. *See* Adversary Docket No. 13.

Approximately six months later, HCL answered the amended complaint and filed counterclaims against Ho, Benjamin Kirk, Lucy Gao, and the Debtor. *See* Adversary Docket No. 56. On July 28, 2016, the Debtor filed an answer to HCL's counterclaim and asserted a crossclaim against Kirk and Ho. *See* Adversary Docket Nos. 73, 74.

HCL and the Debtor subsequently filed amended claims against Ho. On July 5, 2017, the Court entered its "Order Granting Tsai Luan Ho aka Shelby Ho's Motion to Dismiss Crystal Waterfalls LLC's Second Amended Crossclaim," *see* Adv. Pro. Docket No. 219, which dismissed two causes of action in the Debtor's crossclaim. On August 15, 2017, this Court entered a Memorandum of Decision declining to exercise jurisdiction over the first through tenth claims for relief asserted in HCL's counterclaim.

Additionally, on August 15, 2017, the Court (i) set a discovery cutoff date of April 30, 2018, (ii) a pretrial conference for May 15, 2018, and (iii) a trial for the week of May 29, 2018.

### B. Employment of Dykema

On October 5, 2017, Client executed a retainer agreement (the "Agreement") with Dykema. Pursuant to the Agreement, Client agreed to pay Dykema upon receipt of Dykema's invoices.

The Agreement addresses the issue of terminating Dykema's representation of Client:

> Each of us will have the option to end our relationship if and when we so choose, provided that our firm's fees and costs incurred prior to that time remain your responsibility.

3

**MOTION TO WITHDRAW AS COUNSEL TO TSAI LUAN HO; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MICHAEL P. WIPPLER IN SUPPORT THEREOF**

An attachment to the Agreement (the "Terms of Representation") set forth the standard terms and conditions of engagement. The Terms of Representation state the following:

> **How We Charge for our Services and Expenses**. Unless some other arrangement has been agreed upon with you, our practice is to submit monthly invoices for services and expenses. This ensures that you have a current understanding of charges and expenses incurred. The work we have performed on your behalf will be described in the monthly invoice. **Payment is due upon receipt**.

Terms of Representation (emphasis in original).

### C. The Client's Breach of the Agreement with Dykema

As stated in the Agreement and Terms of Representation, Client is obligated to pay Dykema upon the receipt of monthly invoices. The last payment made by Client to Dykema was on May 22, 2017. The present amount owing to Dykema is $363,068.93 (which consists of $332,435.40 in amounts billed to the Client and approximately $30,633.53 of WIP).

Dykema emailed Client on numerous dates, including, but not limited to, August 13, 2017, August 29, 2017, September 6, 2017, September 7, 2017, and September 11, 2017, to discuss, *inter alia*, Client's nonpayment of Dykema's invoices and other related expenses. These emails also discussed case strategies and deadlines in the above-captioned adversary proceeding and other bankruptcy and state court litigation. *See* Wippler Declaration, ¶ 4.

The Client has not paid any portion of the amounts owed to Dykema. Further fees and costs have been incurred by Dykema in representing the Client during September 2017. *See* Wippler Declaration, ¶ 5.

### D. Breakdown in Communications

The Client has not cooperated with Dykema and has virtually refused to respond to Dykema's correspondence and phone messages for at least the past thirty (30) days. Client's refusal to respond to deadlines in all of her litigation matters has made representation of her impossible, and substantive communication from the Client has virtually ended. Dykema continues to inform Client of dates, deadlines, and responsibilities and will do so until withdrawal is granted.

4

**MOTION TO WITHDRAW AS COUNSEL TO TSAI LUAN HO; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MICHAEL P. WIPPLER IN SUPPORT THEREOF**

## II. ARGUMENT

Local Rule 2091-1 of the Local Bankruptcy Rules for the Central District of California (the "Local Rules") provides that counsel may withdraw from an action upon proper notice. The California Rules of Professional Conduct (the "CRPC") provide authority for the withdrawal of counsel. CRPC Rule 3-700 provides, in relevant part, as follows:

> (C) Permissive Withdrawal.
>
> If rule 3-700(B) is not applicable, a member may not request permission to withdraw in matters pending before a tribunal, and may not withdraw in other matters, unless such request is because:
>
> (1) The client
>
> (a) insists upon presenting a claim or defense that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law, or . . .
>
> (d) by other conduct renders it unreasonably difficult for the member to carry out the employment effective, or
>
> (f) breaches an agreement or obligation to the member as to expenses or fees
>
> . . .
>
> (6) The member believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal.

The breakdown in the attorney-client relationship has long been recognized as a ground for authorizing the attorney to withdraw. *See*, *e.g.*, *Aceves v. Superior Court*, 51 Cal.App.4th 584 (1996). Dykema is prepared to appear in camera should the Court require further details surrounding the complete breakdown of the attorney-client relationship. *See Manfredi v. Superior Court of California*, 66 Cal.App.4th 1128, 1136 (1998) (in camera proceedings appropriate to "furnish details" and "provide the court with sufficient information" to resolve representational issues arising out of confidential communications); *Crocker National Bank v. M.F. Securities*, 104 F.R.D. 123, 125 (C.D. Cal. 1985) (court granted motion to withdraw when law firm contended that "its relationship with the [client] has so deteriorated that it was not longer possible for the firm to

5

**MOTION TO WITHDRAW AS COUNSEL TO TSAI LUAN HO; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MICHAEL P. WIPPLER IN SUPPORT THEREOF**

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

represent [it]"); *Estate of Falco*, 188 Cal.App.3d 1004, 1020 (1987) (court granted counsel's motion to withdraw on the basis that the attorney-client relationship had completely broke down).

Due to the breakdown in its relationship with Client and for reasons covered by the attorney-client privilege, Dykema can no longer effectively represent Client. *Manfredi*, 66 Cal.App.4th 1128. Dykema is prepared to state that exigency in camera should the need arise.

A client's failure to pay agreed upon attorneys' fees and costs also provides proper support for a motion to withdraw. *Chevron, TCI, Inc. v. Carbone Props. Manager, LLC*, 2009 U.S. Dist. LEXIS 33710 (C.D. Cal. 2009); *Jackie v. Sturkie*, 255 F.Supp.2d 1096, 1098 (N.D. Cal. 2003); *FTC v. Pacific Medical Clinics*, 1992 U.S. Dist. LEXIS 6247 (S.D. Cal. 1992). In addition to the already outstanding fees, the Court must also consider the financial burden the firm will be forced to bear going forward if the Court denies its motion. *Kelley Metal Trading Co. v. Al-Jon/United, Inc.*, 1994 U.S. Dist. LEXIS 7653 (D. Kan. 1994) (continuing hearing on motion to withdraw but stating that withdrawal was appropriate where the amount owed was substantial and counsel would be forced to incur additional expenses if required to try the case and there was little indication that the client would be able to pay).

WHEREFORE, Dykema respectfully requests that this Court enter an order (i) granting the Motion and (ii) providing such other and further relief that the Court deems necessary and appropriate.

Dated: September 13, 2017

DYKEMA GOSSETT LLP

By: /s/ *Gregory K. Jones*
Gregory K. Jones
Attorneys for Defendant
SHELBY HO aka TSAI LUAN HO aka
SHELBY TSAI HO, an individual

6

**MOTION TO WITHDRAW AS COUNSEL TO TSAI LUAN HO; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MICHAEL P. WIPPLER IN SUPPORT THEREOF**

# DECLARATION OF MICHAEL P. WIPPLER

1. I am an attorney at law licensed to practice my profession in the state of California and a Member at Dykema Gossett LLP ("Dykema"), counsel of record for Tsai Luan Ho ("Ho"). I make this declaration in support of Dykema's "Motion to Withdraw as Counsel to Tsai Luan Ho" (the "Motion") in the above-captioned bankruptcy case of Crystal Waterfalls, LLC ("Crystal") and the above-captioned adversary proceeding entitled *Crystal Waterfalls LLC v. HCL 2011, LLC; HCL 2011, LLC v. Crystal Waterfalls LLC, Lucy Gao, Benjamin Kirk, Shelby Ho;* and *Crystal Waterfalls LLC v. Benjamin Kirk, Shelby Ho* (the "Adversary Proceeding"). If called as a witness, I could and would testify to the following facts, which are of my own personal knowledge or based on information and belief.

2. The last payment made by Ms. Ho to Dykema was on May 22, 2017, in the amount of $50,000.

3. The present amount owing from Ms. Ho to Dykema is $363,068.93 (which consists of $332,435.40 in amounts billed to Ms. Ho and approximately $30,633.53 of WIP).

4. I have emailed Ms. Ho on numerous dates, including, but not limited to, August 13, 2017, August 29, 2017, September 6, 2017, September 7, 2017, and September 11, 2017, to discuss, *inter alia*, Ho's nonpayment of Dykema's invoices and other related expenses. These emails also discussed case strategies and deadlines in the Adversary Proceeding and other bankruptcy and state court litigation.

5. Further fees and costs have been incurred by Dykema in representing Ms. Ho during September 2017.

6. Ms. Ho has been unresponsive to my correspondence and phone messages for the past thirty (30) days. Ms. Ho's refusal to respond to my communications or deadlines in all of her litigation matters has made representation of her impossible, and substantive communication from Ms. Ho has ended. I and others at Dykema will continue to inform Ms. Ho of dates, deadlines, and responsibilities and will do so until withdrawal is granted.

///

///

7. I advised Ms. Ho in writing several times that Dykema would file a motion to withdraw as counsel of record if the invoices remained unpaid and she continued to fail to respond to our correspondence. I also advised Ms. Ho in writing of the consequences of approval of Dykema's withdrawal.

8. I have practiced law for over twenty-five years. I have tried very hard to communicate with Ms. Ho and to repair our attorney-client relationship, but I have been unable to do so. I do not believe that Dykema could continue representing Ms. Ho at trial or in any other pretrial matters given the breakdown in communications with Ms. Ho and Ms. Ho's non-payment of her legal fees.

9. The mailing address for Ms. Ho is 126 Atherton Avenue, Atherton, California 94027. Ms. Ho's email address is sfkm126@gmail.com and phone number is (650) 815-1947.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 12th day of September 2017, in Los Angeles, California.

_____
Michael P. Wippler

8

MOTION TO WITHDRAW AS COUNSEL TO TSAI LUAN HO; MEMORANDUM OF POINTS AND AUTHORITIES;
DECLARATION OF MICHAEL P. WIPPLER IN SUPPORT THEREOF

# PROOF OF SERVICE OF DOCUMENT

In re: Crystal Waterfalls, LLC – Case No.: 2-15-bk-27769-ER

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **333 S. Grand Avenue, Suite 2100, Los Angeles, CA 90071**

A true and correct copy of the foregoing document entitled (*specify*)**: NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION; MOTION TO WITHDRAW AS COUNSEL TO TSAI LUAN HO; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MICHAEL P. WIPPLER ISO** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) September 14, 2017, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) September 14, 2017, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Benjamin Kirk
2648 E Workman Ave #3001-263
West Covina, CA 91791

Robert A Lisnow on behalf of Defendant
Lucy Gao
10866 Wilshire Blvd Ste 400
Los Angeles, CA 90024

Robert A Lisnow on behalf of Defendant
Golden Bay Investments, LLC
10866 Wilshire Blvd Ste 400
Los Angeles, CA 90024

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) September 14, 2017, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

| | |
|---|---|
| Honorable Ernest M. Robles<br>United States Bankruptcy Court<br>Central District of California<br>Edward R. Roybal Federal Building and Courthouse<br>255 E. Temple Street, Suite 1560 / Courtroom 1568<br>Los Angeles, CA 90012 | Tsai Luan Ho a/k/a/ Shelby Ho<br>126 Atherton Avenue<br>Atherton, CA 94027 |

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 14, 2017 | Caroline Acossano | /s/ Caroline Acossano |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**DYKEMA GOSSETT LLP**
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

**SERVICE LIST**

Kyra E Andrassy on behalf of Counter-Claimant Huesing Holdings LLC
kandrassy@swelawfirm.com,
csheets@swelawfirm.com;gcruz@swelawfirm.com;hdavis@swelawfirm.com

Kyra E Andrassy on behalf of Creditor Huesing Holdings, LLC
kandrassy@swelawfirm.com,
csheets@swelawfirm.com;gcruz@swelawfirm.com;hdavis@swelawfirm.com

Kyra E Andrassy on behalf of Defendant Huesing Holdings LLC
kandrassy@swelawfirm.com,
csheets@swelawfirm.com;gcruz@swelawfirm.com;hdavis@swelawfirm.com

Kyra E Andrassy on behalf of Interested Party Courtesy NEF
kandrassy@swelawfirm.com,
csheets@swelawfirm.com;gcruz@swelawfirm.com;hdavis@swelawfirm.com

Raymond H. Aver on behalf of Creditor B3 Capital Venture, LLC
ray@averlaw.com

Raymond H. Aver on behalf of Interested Party Courtesy NEF
ray@averlaw.com

Lei Lei Wang Ekvall on behalf of Counter-Claimant Huesing Holdings LLC
lekvall@swelawfirm.com,
csheets@swelawfirm.com;gcruz@swelawfirm.com;hdavis@swelawfirm.com

Lei Lei Wang Ekvall on behalf of Defendant Huesing Holdings LLC
lekvall@swelawfirm.com,
csheets@swelawfirm.com;gcruz@swelawfirm.com;hdavis@swelawfirm.com

Lei Lei Wang Ekvall on behalf of Interested Party Courtesy NEF
lekvall@swelawfirm.com,
csheets@swelawfirm.com;gcruz@swelawfirm.com;hdavis@swelawfirm.com

John-Patrick M Fritz on behalf of Plaintiff Liberty Asset Management Corporation
jpf@lnbyb.com, JPF.LNBYB@ecf.inforuptcy.com

Ronald S Gellert on behalf of Interested Party Courtesy NEF
rgellert@gsbblaw.com

Barry S Glaser on behalf of Creditor Los Angeles County Treasurer & Tax Collector
bglaser@swesq.com, erhee@swesq.com

Barry S Glaser on behalf of Interested Party Courtesy NEF
bglaser@swesq.com, erhee@swesq.com

David B Golubchik on behalf of Interested Party Courtesy NEF
dbg@lnbyb.com, dbg@ecf.inforuptcy.com

David B Golubchik on behalf of Plaintiff Liberty Asset Management Corporation
dbg@lnbyb.com, dbg@ecf.inforuptcy.com

Gail S Greenwood on behalf of Creditor LIBERTY ASSET MANAGEMENT CORPORATION
ggreenwood@pszjlaw.com, rrosales@pszjlaw.com

Gail S Greenwood on behalf of Interested Party Official Committee of Unsecured Creditors of Liberty Asset Management Corporation
ggreenwood@pszjlaw.com, rrosales@pszjlaw.com

Gregory K Jones on behalf of Counter-Defendant Shelby Ho
GJones@dykema.com, CAcossano@dykema.com;DocketLA@dykema.com

Gregory K Jones on behalf of Interested Party Courtesy NEF
GJones@dykema.com, CAcossano@dykema.com;DocketLA@dykema.com

Jeffrey S Kwong on behalf of Interested Party Courtesy NEF
jsk@lnbyb.com, jsk@ecf.inforuptcy.com

Jeffrey S Kwong on behalf of Plaintiff Liberty Asset Management Corporation
jsk@lnbyb.com, jsk@ecf.inforuptcy.com

Ian Landsberg on behalf of Attorney Landsberg Law APC
ian@landsberg-law.com, casey@landsberg-law.com;lisa@landsberg-law.com;diana@landsberg-law.com;yesi@landsberg-law.com;ilandsberg@ecf.inforuptcy.com

Ian Landsberg on behalf of Counter-Defendant Crystal Waterfalls, LLC
ian@landsberg-law.com, casey@landsberg-law.com;lisa@landsberg-law.com;diana@landsberg-law.com;yesi@landsberg-law.com;ilandsberg@ecf.inforuptcy.com

Ian Landsberg on behalf of Counter-Defendant Crystal Waterfalls, LLC a California limited liability company
ian@landsberg-law.com, casey@landsberg-law.com;lisa@landsberg-law.com;diana@landsberg-law.com;yesi@landsberg-law.com;ilandsberg@ecf.inforuptcy.com

Ian Landsberg on behalf of Cross-Claimant Crystal Waterfalls, LLC a California limited liability company
ian@landsberg-law.com, casey@landsberg-law.com;lisa@landsberg-law.com;diana@landsberg-law.com;yesi@landsberg-law.com;ilandsberg@ecf.inforuptcy.com

Ian Landsberg on behalf of Debtor Crystal Waterfalls LLC
ian@landsberg-law.com, casey@landsberg-law.com;lisa@landsberg-law.com;diana@landsberg-law.com;yesi@landsberg-law.com;ilandsberg@ecf.inforuptcy.com

Ian Landsberg on behalf of Defendant Crystal Waterfalls, LLC
ian@landsberg-law.com, casey@landsberg-law.com;lisa@landsberg-law.com;diana@landsberg-law.com;yesi@landsberg-law.com;ilandsberg@ecf.inforuptcy.com

Ian Landsberg on behalf of Plaintiff Crystal Waterfalls, LLC
ian@landsberg-law.com, casey@landsberg-law.com;lisa@landsberg-law.com;diana@landsberg-law.com;yesi@landsberg-law.com;ilandsberg@ecf.inforuptcy.com

Ian Landsberg on behalf of Plaintiff Crystal Waterfalls, LLC a California limited liability company
ian@landsberg-law.com, casey@landsberg-law.com;lisa@landsberg-law.com;diana@landsberg-law.com;yesi@landsberg-law.com;ilandsberg@ecf.inforuptcy.com

David W. Meadows on behalf of Interested Party Courtesy NEF
david@davidwmeadowslaw.com

Charles Alex Naegele on behalf of Interested Party Courtesy NEF
alex@canlawcorp.com, alexnaegelelaw@gmail.com

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

Jeremy V Richards on behalf of Interested Party Courtesy NEF
jrichards@pszjlaw.com, bdassa@pszjlaw.com;imorris@pszjlaw.com

Jeremy V Richards on behalf of Interested Party Official Committee of Unsecured Creditors of Liberty Asset Management Corporation
jrichards@pszjlaw.com, bdassa@pszjlaw.com;imorris@pszjlaw.com

Jeremy V Richards on behalf of Plaintiff Official Unsecured Creditors Committee for Liberty Asset Management Corporation
jrichards@pszjlaw.com, bdassa@pszjlaw.com;imorris@pszjlaw.com

Isra Shah on behalf of Creditor City of Covina
ishah@rwglaw.com, shahisra@gmail.com

Timothy F Umbreit on behalf of Interested Party Thompson Real Estate Group
tim@timumbreit.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Scott S Weltman on behalf of Creditor Eastern Funding, LLC
colcaecf@weltman.com

James S Yan on behalf of Counter-Claimant HCL 2011, LLC a California limited liability company
jsyan@msn.com

James S Yan on behalf of Creditor HCL 2011 LLC
jsyan@msn.com

James S Yan on behalf of Interested Party Courtesy NEF
jsyan@msn.com

Hatty K Yip on behalf of U.S. Trustee United States Trustee (LA)
hatty.yip@usdoj.gov

# PROOF OF SERVICE OF DOCUMENT

In re: Crystal Waterfalls, LLC – Case No.: 2-15-bk-27769-ER

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **333 S. Grand Avenue, Suite 2100, Los Angeles, CA 90071**

A true and correct copy of the foregoing document entitled (*specify*)**: DECLARATION THAT NO PARTY REQUESTED A HEARING ON MOTION LBR 9013-1 (O)(3)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) October 3, 2017, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2. <u>SERVED BY UNITED STATES MAIL</u>**:
On (*date*) October 3, 2017, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Benjamin Kirk
2648 E Workman Ave #3001-263
West Covina, CA 91791

Robert A Lisnow on behalf of Defendant
Lucy Gao
10866 Wilshire Blvd Ste 400
Los Angeles, CA 90024

Robert A Lisnow on behalf of Defendant
Golden Bay Investments, LLC
10866 Wilshire Blvd Ste 400
Los Angeles, CA 90024

☐  Service information continued on attached page

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) October 3, 2017, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

| | |
|---|---|
| Honorable Ernest M. Robles<br>United States Bankruptcy Court<br>Central District of California<br>Edward R. Roybal Federal Building and Courthouse<br>255 E. Temple Street, Suite 1560 / Courtroom 1568<br>Los Angeles, CA 90012 | Tsai Luan Ho a/k/a/ Shelby Ho<br>126 Atherton Avenue<br>Atherton, CA 94027 |

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 3, 2017 | Caroline Acossano | */s/ Caroline Acossano* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

**SERVICE LIST**

Kyra E Andrassy on behalf of Counter-Claimant Huesing Holdings LLC
kandrassy@swelawfirm.com,
csheets@swelawfirm.com;gcruz@swelawfirm.com;hdavis@swelawfirm.com

Kyra E Andrassy on behalf of Creditor Huesing Holdings, LLC
kandrassy@swelawfirm.com,
csheets@swelawfirm.com;gcruz@swelawfirm.com;hdavis@swelawfirm.com

Kyra E Andrassy on behalf of Defendant Huesing Holdings LLC
kandrassy@swelawfirm.com,
csheets@swelawfirm.com;gcruz@swelawfirm.com;hdavis@swelawfirm.com

Kyra E Andrassy on behalf of Interested Party Courtesy NEF
kandrassy@swelawfirm.com,
csheets@swelawfirm.com;gcruz@swelawfirm.com;hdavis@swelawfirm.com

Raymond H. Aver on behalf of Creditor B3 Capital Venture, LLC
ray@averlaw.com

Raymond H. Aver on behalf of Interested Party Courtesy NEF
ray@averlaw.com

Lei Lei Wang Ekvall on behalf of Counter-Claimant Huesing Holdings LLC
lekvall@swelawfirm.com,
csheets@swelawfirm.com;gcruz@swelawfirm.com;hdavis@swelawfirm.com

Lei Lei Wang Ekvall on behalf of Defendant Huesing Holdings LLC
lekvall@swelawfirm.com,
csheets@swelawfirm.com;gcruz@swelawfirm.com;hdavis@swelawfirm.com

Lei Lei Wang Ekvall on behalf of Interested Party Courtesy NEF
lekvall@swelawfirm.com,
csheets@swelawfirm.com;gcruz@swelawfirm.com;hdavis@swelawfirm.com

John-Patrick M Fritz on behalf of Plaintiff Liberty Asset Management Corporation
jpf@lnbyb.com, JPF.LNBYB@ecf.inforuptcy.com

Ronald S Gellert on behalf of Interested Party Courtesy NEF
rgellert@gsbblaw.com

Barry S Glaser on behalf of Creditor Los Angeles County Treasurer & Tax Collector
bglaser@swesq.com, erhee@swesq.com

Barry S Glaser on behalf of Interested Party Courtesy NEF
bglaser@swesq.com, erhee@swesq.com

David B Golubchik on behalf of Interested Party Courtesy NEF
dbg@lnbyb.com, dbg@ecf.inforuptcy.com

David B Golubchik on behalf of Plaintiff Liberty Asset Management Corporation
dbg@lnbyb.com, dbg@ecf.inforuptcy.com

Gail S Greenwood on behalf of Creditor LIBERTY ASSET MANAGEMENT CORPORATION
ggreenwood@pszjlaw.com, rrosales@pszjlaw.com

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

| | |
|---|---|
| 1 | Gail S Greenwood on behalf of Interested Party Official Committee of Unsecured Creditors of Liberty Asset Management Corporation |
| 2 | ggreenwood@pszjlaw.com, rrosales@pszjlaw.com |
| 3 | Gregory K Jones on behalf of Counter-Defendant Shelby Ho |
| | GJones@dykema.com, CAcossano@dykema.com;DocketLA@dykema.com |
| 4 | |
| | Gregory K Jones on behalf of Interested Party Courtesy NEF |
| 5 | GJones@dykema.com, CAcossano@dykema.com;DocketLA@dykema.com |
| 6 | Jeffrey S Kwong on behalf of Interested Party Courtesy NEF |
| | jsk@lnbyb.com, jsk@ecf.inforuptcy.com |
| 7 | |
| | Jeffrey S Kwong on behalf of Plaintiff Liberty Asset Management Corporation |
| 8 | jsk@lnbyb.com, jsk@ecf.inforuptcy.com |
| 9 | Ian Landsberg on behalf of Attorney Landsberg Law APC |
| | ian@landsberg-law.com, casey@landsberg-law.com;lisa@landsberg-law.com;diana@landsberg- |
| 10 | law.com;yesi@landsberg-law.com;ilandsberg@ecf.inforuptcy.com |
| 11 | Ian Landsberg on behalf of Counter-Defendant Crystal Waterfalls, LLC |
| | ian@landsberg-law.com, casey@landsberg-law.com;lisa@landsberg-law.com;diana@landsberg- |
| 12 | law.com;yesi@landsberg-law.com;ilandsberg@ecf.inforuptcy.com |
| 13 | Ian Landsberg on behalf of Counter-Defendant Crystal Waterfalls, LLC a California limited liability company |
| 14 | ian@landsberg-law.com, casey@landsberg-law.com;lisa@landsberg-law.com;diana@landsberg-law.com;yesi@landsberg-law.com;ilandsberg@ecf.inforuptcy.com |
| 15 | |
| | Ian Landsberg on behalf of Cross-Claimant Crystal Waterfalls, LLC a California limited liability |
| 16 | company |
| | ian@landsberg-law.com, casey@landsberg-law.com;lisa@landsberg-law.com;diana@landsberg- |
| 17 | law.com;yesi@landsberg-law.com;ilandsberg@ecf.inforuptcy.com |
| 18 | Ian Landsberg on behalf of Debtor Crystal Waterfalls LLC |
| | ian@landsberg-law.com, casey@landsberg-law.com;lisa@landsberg-law.com;diana@landsberg- |
| 19 | law.com;yesi@landsberg-law.com;ilandsberg@ecf.inforuptcy.com |
| 20 | Ian Landsberg on behalf of Defendant Crystal Waterfalls, LLC |
| | ian@landsberg-law.com, casey@landsberg-law.com;lisa@landsberg-law.com;diana@landsberg- |
| 21 | law.com;yesi@landsberg-law.com;ilandsberg@ecf.inforuptcy.com |
| 22 | Ian Landsberg on behalf of Plaintiff Crystal Waterfalls, LLC |
| | ian@landsberg-law.com, casey@landsberg-law.com;lisa@landsberg-law.com;diana@landsberg- |
| 23 | law.com;yesi@landsberg-law.com;ilandsberg@ecf.inforuptcy.com |
| 24 | Ian Landsberg on behalf of Plaintiff Crystal Waterfalls, LLC a California limited liability company |
| 25 | ian@landsberg-law.com, casey@landsberg-law.com;lisa@landsberg-law.com;diana@landsberg-law.com;yesi@landsberg-law.com;ilandsberg@ecf.inforuptcy.com |
| 26 | |
| | David W. Meadows on behalf of Interested Party Courtesy NEF |
| 27 | david@davidwmeadowslaw.com |
| 28 | Charles Alex Naegele on behalf of Interested Party Courtesy NEF |
| | alex@canlawcorp.com, alexnaegelelaw@gmail.com |

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

1  Jeremy V Richards on behalf of Interested Party Courtesy NEF
   jrichards@pszjlaw.com, bdassa@pszjlaw.com;imorris@pszjlaw.com

2  Jeremy V Richards on behalf of Interested Party Official Committee of Unsecured Creditors of
3  Liberty Asset Management Corporation
   jrichards@pszjlaw.com, bdassa@pszjlaw.com;imorris@pszjlaw.com

4  Jeremy V Richards on behalf of Plaintiff Official Unsecured Creditors Committee for Liberty
5  Asset Management Corporation
   jrichards@pszjlaw.com, bdassa@pszjlaw.com;imorris@pszjlaw.com

6
7  Isra Shah on behalf of Creditor City of Covina
   ishah@rwglaw.com, shahisra@gmail.com

8  Timothy F Umbreit on behalf of Interested Party Thompson Real Estate Group
   tim@timumbreit.com

9
10 United States Trustee (LA)
   ustpregion16.la.ecf@usdoj.gov

11 Scott S Weltman on behalf of Creditor Eastern Funding, LLC
   colcaecf@weltman.com

12
13 James S Yan on behalf of Counter-Claimant HCL 2011, LLC a California limited liability
   company
   jsyan@msn.com

14
15 James S Yan on behalf of Creditor HCL 2011 LLC
   jsyan@msn.com

16 James S Yan on behalf of Interested Party Courtesy NEF
   jsyan@msn.com

17
18 Hatty K Yip on behalf of U.S. Trustee United States Trustee (LA)
   hatty.yip@usdoj.gov

19
20
21
22
23
24
25
26
27
28

**DYKEMA GOSSETT LLP**
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071