Jeremy V. Richards (CA Bar No. 102300)
Gail S. Greenwood (CA Bar No. 169939)
PACHULSKI STANG ZIEHL
 & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
E-mail:  jrichards@pszjlaw.com
         ggreenwood@pszjlaw.com

Attorneys for the Official Unsecured Creditors Committee for Liberty Asset Management Corporation

Ian S. Landsberg (CA Bar No. 137431)
Casey Z. Donoyan (CA Bar No. 224945)
LANDSBERG LAW, APC
9300 Wilshire Blvd., Suite 565
Beverly Hills, California 90212
Telephone: (310) 409-2228
Facsimile:  (310) 409-2380
Email:   ian@landsberg-law.com
         casey@landsberg-law.com

Attorneys for Crystal Waterfalls, LLC

David B. Golubchik (CA Bar No. 185520)
Jeffrey S. Kwong (CA Bar No. 288239)
LEVENE, NEALE, BENDER,
 YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile:  (310) 229-1244
Email:   dbg@lnbyb.com;
         jsk@lnbyb.com

Attorneys for Liberty Asset Management Corp.

**FILED & ENTERED**

**JAN 22 2018**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gonzalez  DEPUTY CLERK

**CHANGES MADE BY COURT**

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>CRYSTAL WATERFALLS LLC,<br><br>    Debtor and Debtor-in-possession.<br><br>In re:<br><br>LIBERTY ASSET MANAGEMENT CORPORATION,<br><br>    Debtor and Debtor-in-possession. | Case No. 2:15-bk-27769-ER<br><br>Chapter 11<br><br>**OMNIBUS ORDER GRANTING MOTION TO APPROVE SETTLEMENT WITH THE LEE GROUP PURSUANT TO BANKRUPTCY RULE 9019**<br><br>Case No. 2:16-bk-13575-ER<br><br>Chapter 11<br><br>Hearing Date:<br>January 17, 2018<br>10:00 a.m.<br>Courtroom 1568, 15th Floor<br>U.S. Bankruptcy Court<br>    Edward R. Roybal Federal<br>    Building and Courthouse<br>    255 E. Temple Street<br>    Los Angeles, CA 90012<br><br>Judge:  Honorable Ernest M. Robles |

DOCS_SF:95813.1 52593/002

At the above-referenced date, time, and location, a hearing was scheduled before the Honorable Ernest M. Robles on the Motion for Order Approving Settlement with the Lee Group (the "Settlement Motion") filed in the bankruptcy cases of Liberty Asset Management Corporation ("Liberty") [Docket Nos. 542-543] and Crystal Waterfalls, LLC ("Crystal Waterfalls") [Docket Nos. 445-446] by Liberty, Crystal Waterfalls, and the Official Committee of Unsecured Creditors of Liberty (the "Liberty Committee"). By such Settlement Motion, the moving parties seek approval of a Settlement Agreement dated November 30, 2017 between Liberty and Crystal Waterfalls, on the one hand, and the following creditors: HCL 2011 LLC, Smart Gear Development Ltd., Lee Walgreen 2013 LLC, PA One LLC, Good Special International Ltd., and Faith Hope International Ltd. (collectively, the "Lee Group") and JD Brother LLC ("JD Brothers").

The Court, having read and considered the Settlement Motion, including the Settlement Agreement, and all pleadings filed by the parties, for good cause appearing therefor,

**IT IS HEREBY ORDERED:**

1. The Settlement Motion is GRANTED in its entirety;
2. The Court's tentative ruling [Docket No. 581 in the Liberty case, and Docket No. 455 in the Crystal Waterfalls case], a copy of which is attached hereto as **Exhibit A** and incorporated herewith, is adopted as the Court's final ruling;
3. The Settlement Agreement between Liberty, Crystal Waterfalls, the Lee Group, and JD Brothers, a copy of which is attached to the Declaration of C. Alex Naegele [Docket No. 542 in the Liberty case, and Docket No. 445 in the Crystal Waterfalls case], is approved;
4. Crystal Waterfalls is authorized to pay the Lee Group Allowed Secured Claim, as that term is defined in the Settlement Agreement;[1]
5. JD Brothers' Claim No. 19 against Liberty shall be deemed an Allowed General Unsecured Claim, and shall not be amended;
6. Upon entry of this Order, Claim No. 7 against Crystal Waterfalls shall be reduced and recharacterized as the Lee Group Allowed Secured Claim in the amount of $3.5 million; and Claim No. 15 against Liberty shall be increased to a single Allowed General

---

[1] All capitalized terms not defined in this order have the meanings set forth in the Settlement Agreement.

Unsecured Claim in the amount of $32.5 million, without the necessity of further Court order; and all remaining Lee Group Proofs of Claim against Liberty (Claim Nos. 13, 14, 16, 17, and 18) are waived, released, and expunged from the claim registers of Liberty and Crystal Waterfalls;

7. The Parties are hereby authorized to take any and all actions necessary or appropriate to consummate the Settlement Agreement and the compromise(s) embodied therein; and

8. This Order shall be binding upon any successor to Crystal Waterfalls or Liberty, including any chapter 11 or chapter 7 trustee appointed in either bankruptcy case.

### #

Date: January 22, 2018

Ernest M. Robles
United States Bankruptcy Judge

# EXHIBIT A

# United States Bankruptcy Court
## Central District of California
Los Angeles
**Judge Ernest Robles, Presiding**
**Courtroom 1568 Calendar**

**Thursday, January 18, 2018**                                                                                           **Hearing Room**    **1568**

**10:00 AM**
**2:16-13575**    Liberty Asset Management Corporation                                                                      Chapter 11

   **#4.10**    Hearing
RE: [542] Motion to Approve Compromise Under Rule 9019 / Memorandum of Points & Authorities In Support of Motion for Order Approving Settlement With The Lee Group  (Greenwood, Gail)

FR. 1-17-18

                                    Docket          542

**Tentative Ruling:**

   1/17/2018

For the reasons set forth below, the Motions are GRANTED.

**Pleadings Filed and Reviewed:**
1) Papers filed in Crystal Waterfalls, LLC (Case No. 2:15-bk-27769-ER):
   a) Memorandum of Points and Authorities in Support of Motion for Order Approving Settlement With the Lee Group (the "Motion") [Doc. No. 445]
      i) Notice of Motion and Hearing Regarding Motion for Order Approving Settlement With the Lee Group [Doc. No. 446]
   b) No opposition is on file
2) Substantially identical papers filed in Liberty Asset Management Corporation (Case No. 2:16-bk-13575-ER):
   a) Memorandum of Points and Authorities in Support of Motion for Order Approving Settlement With the Lee Group (the "Motion") [Doc. No. 542]
      i) Notice of Motion and Hearing Regarding Motion for Order Approving Settlement With the Lee Group [Doc. No. 543]
   b) No opposition is on file


## I. Facts and Summary of Pleadings

    The Official Committee of Unsecured Creditors for Liberty Asset Management Corporation (the "Committee"), Liberty Asset Management Corporation ("Liberty"), and Crystal Waterfalls, LLC ("Crystal") seek approval of a settlement agreement (the

# United States Bankruptcy Court
## Central District of California
Los Angeles
**Judge Ernest Robles, Presiding**
**Courtroom 1568 Calendar**

**Thursday, January 18, 2018**                                                            **Hearing Room    1568**

**10:00 AM**
**CONT...        Liberty Asset Management Corporation                                                Chapter 11**

"Settlement Agreement") which resolves the adversary proceeding captioned *Crystal Waterfalls LLC v. HCL 2011, LLC*, Adv. No. 2:15-ap-01671 (the "HCL Adversary"). Substantially identical Motions seeking approval of the Settlement Agreement have been filed in the Liberty and Crystal cases.

Liberty commenced a voluntary Chapter 11 petition on March 21, 2016. Crystal commenced a voluntary Chapter 11 petition on November 19, 2015. Crystal's primary asset was a hotel property located at 1211 E. Garvey Street, Covina, CA (the "Hotel"). On December 2, 2016, the Court approved the sale of the Hotel for $22.6 million. *See* Doc. No. 284, Case No. 2:15-bk-27769-ER. After payment of undisputed liens, taxes, and costs of sale, approximately $9.3 million of the sales proceeds remain (the "Hotel Sales Proceeds") and are being held by Crystal's counsel in its attorney-client trust account. *See* Doc. No. 337, Case No. 2:15-bk-27769-ER. The Committee contends that Liberty is the beneficial owner of all of the membership interests in Crystal.

**The HCL Adversary Proceeding**

On March 24, 2017, Crystal filed a "Second Amended Complaint for (1) Cancellation of Written Instrument, (2) Quiet Title, (3) Avoidance of Fraudulent Transfer (11 U.S.C. §544), and (4) Declaratory Relief" (the "Complaint") [Adv. No. 2:15-ap-01671-ER, Doc. No. 142] against HCL 2011 LLC ("HCL"). In the Complaint, Crystal alleges that HCL, acting through Benjamin Kirk ("Mr. Kirk"), recorded an unauthorized grant deed (the "Grant Deed") transferring the Hotel to Washe, LLC ("Washe"). Crystal alleges that Washe, acting through Shelby Ho ("Ms. Ho"), then recorded an unauthorized deed of trust (the "Deed of Trust") against the Hotel and in favor of HCL, which purported to secure a $28.5 million loan from HCL to Washe. Crystal alleges that neither it or Washe ever entered into a loan agreement with HCL, ever received any funds from HCL, or ever received any benefit from recordation of the Deed of Trust. Crystal seeks to set aside the Deed of Trust and seeks a declaration that HCL has no interest in the Hotel.

On May 26, 2017, HCL filed a Second Amended Counterclaim (the "Counterclaim") against Crystal and other parties. HCL seeks a declaration that its Deed of Trust against the Hotel is valid, as well as a declaration that Crystal holds the Hotel Sales Proceeds in constructive trust for the benefit of HCL and a group of investors consisting of Sophia Huang and her family members (the "Lee Group").

**Proofs of Claim Filed by the Lee Group**

On October 12, 2016, the Lee Group filed proofs of claim in the Liberty

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
**Judge Ernest Robles, Presiding**
**Courtroom 1568 Calendar**

**Thursday, January 18, 2018**                                                                                          **Hearing Room**    **1568**

10:00 AM
**CONT...**    **Liberty Asset Management Corporation**                                                  **Chapter 11**

bankruptcy case in the aggregate amount of $35,354,904.12. On November 4, 2016, HCL (on behalf of the Lee Group) filed a proof of claim in the Crystal bankruptcy case in the amount of $37,310,00.43. HCL asserts that $28.5 million of its claim in the Crystal case is secured by a deed of trust against the Hotel Sales Proceeds (the "HCL DOT").

Liberty, Crystal, and the Committee dispute the validity of the HCL DOT and the proofs of claim filed by the Lee Investors. Liberty, Crystal, and the Committee assert that the HCL DOT is void and/or may be avoided as a fraudulent transfer pledged in furtherance of a Ponzi scheme, and that even if the HCL DOT is valid, it should be reduced to the net principal amount invested with Liberty. The Lee Group asserts that the HCL DOT and the proofs of claim filed in the Liberty case are valid.

**Proof of Claim Filed by JD Brothers**
On October 14, 2016, JD Brothers filed a proof of claim in the Liberty bankruptcy case in the amount of $24,433,689. JD Brothers' claim arises from an investment contract pursuant to which JD Brothers invested $13 million in exchanged for certain distressed assets as well as a 44.4% interest in HK Grace Building LLC, which owned real property located at 166 Geary Street, San Francisco, CA (the "Geary Property").

**The Settlement Agreement**
The material terms of the Settlement Agreement are as follows:
1) **Lee Group Allowed Secured Claim.** The Lee Investors shall have an allowed secured claim in the amount of $3.5 million against Crystal (the "Lee Group Allowed Secured Claim").
2) **Lee Group Allowed Unsecured Claim.** The Lee Investors shall have an allowed general unsecured claim against Liberty in the amount of $32.5 million (the "Lee Group Allowed General Unsecured Claim").
3) **JD Brothers Allowed Unsecured Claim.** JD Brothers shall not amend its claim against Liberty, and the claim shall be deemed allowed.
4) **Payment of Lee Group Claims.** The Lee Group Allowed Secured Claim shall be paid in full (without interest) by Crystal within five days after entry of the orders approving the Settlement Agreement. The Lee Group Allowed General Unsecured Claim will be satisfied pursuant to a plan of liquidation in the Liberty bankruptcy case. The Lee Group Allowed General Unsecured Claim will be in the same class and treated consistently with JD Brothers' general unsecured claim.

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
**Judge Ernest Robles, Presiding**
**Courtroom 1568 Calendar**

**Thursday, January 18, 2018**                                                                                             **Hearing Room    1568**

10:00 AM
**CONT...**        **Liberty Asset Management Corporation**                                                                              **Chapter 11**

5) **Payment of HCL Claim.** Upon entry of orders approving the Settlement Agreement, HCL's claim against Crystal shall be reduced to an allowed secured claim in the amount of $3.5 million, and HCL's claim against Liberty shall be increased to an allowed general unsecured claim in the amount of $32.5 million. All remaining proofs of claim filed by the Lee Group shall be waived from the claims registers in the Liberty and Crystal cases.

6) **Dismissal of the HCL Adversary.** Within five business days after entry of the orders approving the Settlement Agreement, Crystal and HCL will request dismissal of the HCL Adversary with prejudice.

## II. Findings and Conclusions

Bankruptcy Rule 9019 provides that the Court may approve a compromise or settlement. "In determining the fairness, reasonableness and adequacy of a proposed settlement agreement, the court must consider: (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises." *Martin v. Kane (In re A&C Properties)*, 784 F.2d 1377, 1381 (9th Cir. 1986). "[C]ompromises are favored in bankruptcy, and the decision of the bankruptcy judge to approve or disapprove the compromise of the parties rests in the sound discretion of the bankruptcy judge." *In re Sassalos*, 160 B.R. 646, 653 (D. Ore. 1993). In approving a settlement agreement, the Court must "canvass the issues and see whether the settlement 'falls below the lowest point in the range of reasonableness.'" *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983). Applying the *A&C Properties* factors, the Court finds that the Settlement Agreement is adequate, fair, and reasonable, and is in the best interests of the estate and creditors.

*Paramount Interests of Creditors*

This factor weighs strongly in favor of approving the Settlement Agreement. No creditors have objected to approval of the Settlement Agreement, and the Settlement Agreement is supported by the Committee. The Settlement Agreement is supported by the Lee Group and JD Brothers, which are among the largest creditors in the Crystal and Liberty cases. The Settlement Agreement avoids litigation which would be time consuming and would increase administrative costs.

# United States Bankruptcy Court
## Central District of California
Los Angeles
**Judge Ernest Robles, Presiding**
**Courtroom 1568 Calendar**

**Thursday, January 18, 2018**                                                              Hearing Room    1568

10:00 AM
**CONT...        Liberty Asset Management Corporation**                                    Chapter 11

*Difficulties to Be Encountered in the Matter of Collection*
   This factor does not apply since the issue is the avoidance of the HCL DOT as opposed to an affirmative recovery.

*Complexity of the Litigation*
   This factor weighs strongly in favor of approving the Settlement Agreement. The litigation involves a complex and fact-intensive web of transactions among numerous parties. Many of the records pertaining to the transactions that would feature prominently in the litigation are no longer available, which only increase complexity.

*Probability of Success on the Merits*
   This factor weighs in favor of approving the Settlement Agreement. While it is possible that litigation could result in the invalidation of the HCL DOT, such an outcome would be time consuming and costly. Thus, from the perspective of the estate and creditors, any improved recovery obtained through additional litigation would be pyrrhic, because the additional recovery would almost certainly be offset by much larger administrative costs.

## III. Conclusion
   Based upon the foregoing, the Motions are GRANTED and the Settlement Agreement is APPROVED. Crystal and Liberty shall submit conforming orders, incorporating this tentative ruling by reference, within seven days of the hearing.


   No appearance is required if submitting on the court's tentative ruling. If you intend to submit on the tentative ruling, please contact Cameron Schlagel or Daniel Koontz at 213-894-1522. **If you intend to contest the tentative ruling and appear, please first contact opposing counsel to inform them of your intention to do so.** Should an opposing party file a late opposition or appear at the hearing, the court will determine whether further hearing is required.   If you wish to make a telephonic appearance, contact Court Call at 888-882-6878, no later than one hour before the hearing.

| Party Information |
|---|

**Debtor(s):**

   Liberty Asset Management                    Represented By
                                               David B Golubchik

# United States Bankruptcy Court
# Central District of California
Los Angeles
**Judge Ernest Robles, Presiding**
**Courtroom 1568 Calendar**

**Thursday, January 18, 2018**                                                                                   **Hearing Room    1568**

**10:00 AM**
**CONT...**     **Liberty Asset Management Corporation**                                                              **Chapter 11**

                              Jeffrey S Kwong
                              John-Patrick M Fritz
                              Eve H Karasik
                              Sandford L. Frey

# United States Bankruptcy Court
## Central District of California
Los Angeles
Judge Ernest Robles, Presiding
Courtroom 1568 Calendar

**Thursday, January 18, 2018**     Hearing Room    **1568**

**10:00 AM**
**2:15-27769**    Crystal Waterfalls LLC     Chapter 11

    **#4.20**    Hearing
RE: [445] Motion to Approve Compromise Under Rule 9019 / Memorandum of Points & Authorities In Support of Motion for Order Approving Settlement With The Lee Group  (Greenwood, Gail)

FR. 1-17-18

                               Docket     445

**Tentative Ruling:**

    1/17/2018

    See Cal. No. 4.1, above, incorporated in full by reference.

| Party Information |
|---|

**Debtor(s):**

    Crystal Waterfalls LLC                Represented By
                                                Ian  Landsberg